**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| GRACE ALBANESE,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATIONS,<br><br>Defendant. | Case No. 2:17-cv-01635-JAD-CWH<br><br>**REPORT AND RECOMMENDATION** |

Presently before the court is pro se plaintiff Grace Albanese's amended complaint (ECF No. 7), filed on March 30, 2018.

**I.     BACKGROUND**

Albanese's original complaint was one-page document alleging that the "FBI refuse[s] to help me when they know I'm being followed by the same man who is being supported and funded by people who want me to move." (Compl. (ECF No. 6).) Albanese further alleged that the "FBI refuses to pull the plug on 1107 E. Desert Inn Apts 3 and 9 observation of me in my room." [sic]. *Id.* Albanese alleged that the FBI's conduct constituted obstruction of justice, and denial of due process and equal protection. *Id.* The court previously screened Albanese's complaint and found it to be devoid of any meaningful facts to support her claims against the FBI. (Screening Order (ECF No. 5).) But the court gave Albanese an opportunity to amend her complaint, with detailed instructions on pleading requirements. (*Id.*)

Albanese filed an amended complaint by the court-ordered deadline. (Am. Compl. (ECF No. 7).) The amended complaint is a one-page document that alleges an individual named Amadeo Barrios hacked into Albanese's cellular telephone and that Mr. Barrios and others have been surreptitiously observing Albanese in her bedroom and streaming video live on social

media. (*Id.*) Albanese states that the FBI is aware of this conduct but has failed to take action. (*Id.*) The court now re-screens Albanese's amended complaint as required by 28 U.S.C. § 1915(e)(2).

## II.   ANALYSIS

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

Even liberally construing Albanese's amended complaint, the court finds that her factual allegations describe fantastic and delusional scenarios and do not state a claim upon which relief can be granted. Given that Albanese had an opportunity to amend and that her amended complaint does not set forth a plausible claim, it is recommended that the complaint be dismissed with prejudice because amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (stating that a district court is not required to provide leave to amend a complaint if the complaint could not possibly be cured by the allegation of other facts).

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

IT IS THEREFORE RECOMMENDED that Grace Albanese's amended complaint (ECF No. 7) be DISMISSED with prejudice as delusional and frivolous.

### IV. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED:  July 19, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

3